FILED

JUN - 9 2006

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>WILLIAM DOBSON and<br>TRACY DOBSON,<br><br>         Debtors. | Case No. 02-23700-D-13L |
| WILLIAM DOBSON and<br>TRACY DOBSON,<br><br>         Plaintiffs,<br><br>v.<br><br>SMS FINANCIAL VII, L.L.C. (CK)<br>and U.S. BANK/FIRSTAR BANK,<br><br>         Defendants. | Adv. Pro. No. 06-2024-D<br>Docket Control No. JWC-1 |

### MEMORANDUM DECISION

On April 5, 2006, Defendant SMS Financial VII, L.L.C. (CK) ("SMS"), filed a Motion for Summary Judgment, or in the Alternative, Summary Adjudication, bearing Docket Control No. JWC-1 (the "Motion"). For the reasons set forth below, the court will grant summary judgment in favor of SMS.

### I. INTRODUCTION

On April 3, 2002, William Dobson and Tracy Lynn Dobson (the "Debtors") filed a joint petition for relief under chapter 13. On the same date, the Debtors filed their Chapter 13 Plan ("Plan"), attached to which was the Debtors' Motion to Value Collateral, bearing Motion Control No. MWB-1 (the "Valuation

/ / /

Motion").[1]  The Valuation Motion requested that the court value the collateral of U.S. Bank, as the holder of a third deed of trust (the "Deed of Trust") against the Debtors' residential real property in Cottonwood, California (the "Residence").  The record shows that U.S. Bank did not file opposition to confirmation of the Plan or to the Valuation Motion.

U.S. Bank did, however, file a proof of claim in the Debtors' case (the "Claim").  The court's claim register shows that the Claim was timely filed on June 24, 2002,[2] in the amount of $30,856.28, as a fully secured claim.  The full address listed on the Claim is the following:  "U.S. Bank/Firstar Bank, Bankruptcy-Recovery Department, P.O. Box 5229, Cincinnati, OH, 45201-5229."

On July 23, 2002, the court entered an order that confirmed the Plan (the "Confirmation Order").  The Confirmation Order includes a provision as follows:  "The claim of Class Two Creditor, US Bank, shall be deemed unsecured pursuant to Motion Control [No.] MWB-1, Motion to Value Collateral."

The Debtors did not file an objection to the Claim.  The Debtors obtained their discharge on July 19, 2005, and the Final Decree was entered in the Debtors' case on July 27, 2005.

On the Debtors' motion, the chapter 13 case was later reopened.  On January 13, 2006, the Debtors initiated the above-captioned adversary proceeding.  In their Complaint to Determine

---

1.  Since the time the Debtors' case was filed, the term "Motion Control Number" has been replaced by the term "Docket Control Number."

2.  The claims bar date in the Debtors' case for non-governmental units was August 6, 2004.

Validity of Lien Against Property of the Estate [and] for Injunctive Relief (the "Complaint"), the Debtors allege that SMS, as U.S. Bank's assignee, refused the Debtors' demand that SMS execute an instrument that would reconvey to the Debtors any record interest that U.S. Bank might hold in the Residence. This demand was apparently based on the Debtors' contention that the Confirmation Order binds SMS, as the successor of U.S. Bank, to a valuation for the Residence that made the Deed of Trust subject to avoidance. See Complaint at ¶¶ 10, 11. The Complaint requests that the court declare the Deed of Trust "invalid."

On February 13, 2006, SMS filed an answer to the Complaint. The answer includes several affirmative defenses, including an assertion that service of the Valuation Motion was ineffective. SMS did not file any counterclaim pursuant to Federal Rule of Bankruptcy Procedure 7013, for relief against the Debtors.

With the Motion, SMS filed a Declaration of Chris Kahler ("Kahler Declaration"), a Request for Judicial Notice, and, as required by Local Bankruptcy Rule 7056-1(a), a Statement of Uncontroverted Facts. In the Motion, SMS requests two alternative forms of relief: (a) for a judgment declaring that service of the Valuation Motion was defective, that the court lacked jurisdiction to enter the Confirmation Order, and that the Valuation Motion fails on the merits, or (b) for a judgment declaring that service of the Valuation Motion was defective, that the court lacked jurisdiction to enter the Confirmation Order, and that a triable issue of fact exists regarding the value of the Residence as of the date the Debtors filed their

/ / /

chapter 13 petition. SMS has not moved the court to vacate or set aside the Confirmation Order.

On April 18, 2006, the Debtors filed their Response to the Motion (the "Response"), along with a Request for Judicial Notice. The Debtors did not file their own Statement of Disputed Facts or an itemized response to SMS's Statement of Uncontroverted Facts, as set forth in Local Bankruptcy Rule 9056-1(b). The Response includes a request that the court grant summary judgment in favor of the Debtors. On May 2, 2006, the Motion came before the court for hearing, counsel appeared, and the matter was submitted.

SMS generally argues that because the Debtors failed to serve the Valuation Motion in the manner required by applicable rules, the court was without jurisdiction to enter an order that would bind U.S. Bank to any valuation of its collateral, and that the order does not bind SMS either, as U.S. Bank's assignee. SMS further argues that the Debtors could have no legal basis for recovery by way of the above-captioned adversary proceeding, making appropriate summary judgment in favor of SMS.

The Debtors argue that U.S. Bank's filing of the Claim, some thirty-four days before the court entered the order confirming the Debtors' Plan, demonstrates "actual knowledge of the Chapter 13 bankruptcy filing" that binds SMS, as U.S. Bank's successor in interest, to all terms of the Confirmation Order. Response at 3:17-22. The Debtors thus, without a counter-motion, requested in the Response that summary judgment be entered in their favor. Id. at 3:23-26

/ / /

- 4 -

## II. ANALYSIS

This court has jurisdiction over the Motion pursuant to 28 U.S.C. sections 1334 and 157(b)(1). The Motion is a core proceeding under 28 U.S.C. section 157(b)(2)(K) and (O). The Motion was brought pursuant to Federal Rule of Bankruptcy Procedure 7056, which makes applicable Federal Rule of Civil Procedure 56.

Where a motion for summary judgment is before the court, it is to render judgment for the moving party where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of producing evidence showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Celotex v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552 (1986). Once the moving party has met its initial burden, the non-moving party must show specific facts showing the existence of genuine issues of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 106 S. Ct. 2505, 2514 (1986). Under Rule 56, the court also has authority to make an order specifying those material facts that appear without substantial controversy, and such facts are deemed established for purposes of trial. Fed. R. Civ. P. 56(d).

In support of the Motion, SMS submitted uncontested evidence through the Kahler Declaration, establishing that U.S. Bank obtained and recorded the Deed of Trust against the Residence

- 5 -

pre-petition, to secure performance of the Debtors' obligations to U.S. Bank, and that an employee of U.S. Bank timely filed the Claim in the Debtors' bankruptcy case. As noted above, U.S. Bank did not file a response to the Plan or to the Valuation Motion. In support of the Motion, SMS also offered a copy of the Proof of Service filed by the Debtors in connection with the Plan and the Valuation Motion.

The proof of service for the Valuation Motion states that a notification of the Plan and a copy of the Valuation Motion were served on U.S. Bank by first-class mail on April 17, 2002, at the following address, and no other: "US Bank, P.O. Box 790167, St. Paul, MO 63179." SMS provided uncontested evidence that this address was for a payment lock box for U.S. Bank. Kahler Declaration ¶ 11.

SMS argues that service of the Valuation Motion was governed by Federal Rule of Bankruptcy Procedure ("Rule") 7004, specifically Rule 7004(h). With exceptions not relevant here, Rule 7004 requires service of contested matters on insured depository institutions like U.S. Bank "by certified mail addressed to an officer of the institution."

Because the Debtors filed their chapter 13 petition on April 3, 2002, and because the Valuation Motion was filed before General Order 03-03 became effective, General Order 01-02 governed service of the Plan and the Valuation Motion. General Order 01-02 provides as follows:

> If the debtor has included in the plan or otherwise filed any . . . motions to value collateral . . . the debtor or debtor's attorney shall serve the motions and the plan . . . upon the respondent creditor(s) as

required by section 342(c), [Rule] 7004, and Local Rules 2002-1 and 9014-1.

General Order 01-02 at ¶ 3(b).

The General Order thus expressly required that the Valuation Motion and the Plan be served in accordance with Rule 7004, which requires service on insured depository institutions by certified mail, addressed to an officer. Service by first-class mail on a payment lock box, as the Debtors served the Valuation Motion in this case, clearly fails to meet the requirements of Rule 7004 for service on U.S. Bank.

Even in absence of the express directive in the General Order, the court would find that service of the Valuation Motion was defective under the circumstances of this case. This is because service failed to meet Due Process requirements.

Rule 3012, which governs motions to value collateral under section 506, does not expressly incorporate Rule 7004's service requirements, as do certain other of the Rules. See, e.g. Fed. R. Bankr. P. 4003 (stating that a motion to avoid a lien "shall be by motion in accordance with Rule 9014," which rule requires service under Rule 7004). At the same time, however, service under Rule 3012, as under any rule, must satisfy the constitutional Due Process requirements. In all cases, notice of a judicial proceeding "must be reasonably calculated, under all of the circumstances, to apprise interested parties of the pendency of the action and to afford them an opportunity to present their objections." In re Loloee, 241 B.R. 655, 660-61 (B.A.P. 9th Cir. 1999), citing Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950). "[T]he practicalities in a given

case are a factor in determining whether constitutional requirements have been satisfied." Levin v. Ruby Trading Corp., 248 F. Supp. 537 (S.D.N.Y. 1965) (citing Mullane and other cases).

The practicalities and circumstances of this case make service by first-class mail, merely to U.S. Bank's payment lock box in St. Paul, insufficient to satisfy U.S. Bank's Due Process rights. First, the Valuation Motion undoubtedly arrived among numerous payments and pieces of correspondence relating to payments, rather than with service of other legal process being handled by U.S. Bank. Second, even though the Valuation Motion had the potential to cause significant impairment of the rights that U.S. Bank asserted in the Claim, the Debtors did not direct the Valuation Motion to a potentially responsible party at U.S. Bank, by, for example, indicating in the address that it was intended for review by an officer or managing agent of the affected entity, or by serving the documents at U.S. Bank's headquarters.

In addition, where notice is given of a proceeding that puts a party's property rights at risk, the Rules require a stringent level of notice: "Notice is to be taken particularly seriously when liens are being affected in bankruptcy. Holders of liens that may be adversely affected are entitled to unambiguous notice and an adequate opportunity to reflect and respond". Loloee, 241 B.R. at 662 (form and timing of notice found deficient).

These circumstances, coupled with the practical fact that detailed address and service information regarding major (and

///

even minor) business entities all over the country is readily available from various sources on the Internet, lead the court to conclude that service of the Valuation Motion was not reasonably calculated to apprise U.S. Bank of the pendency of the Valuation Motion and to afford U.S. Bank an opportunity to present objections.  As such, service of the Valuation Motion was deficient in meeting Due Process requirements, even had General Order 01-02 not expressly required service according to Rule 7004.

Where service is not properly accomplished, the court is without jurisdiction to enter a judgment or order against the party not properly served.  See In re Evans, 242 B.R. 407 (Bankr. S.D. Ohio 1999) (adversary complaint under Fed. R. Bankr. P. 7004); Loloee, 241 B.R. at 661 ("If the notice is inadequate, then the order is void." (citations omitted)); see also In re Center Wholesale, Inc., 759 F.2d 1440, 1448-50 (9th Cir. 1985) (finding a cash collateral order issued after hearing under Rule 4001 void, where notice of the hearing violated Due Process because it was insufficiently particular and afforded insufficient time for the affected party to respond).

The Debtors argue that the filing of the Claim by U.S. Bank shows that it had actual knowledge of the bankruptcy case, and therefore that U.S. Bank and its assignees should be bound to the Debtors' valuation of the Residence.  This argument is without merit, first because knowledge of the chapter 13 case is not

/ / /
/ / /
/ / /

indicative of knowledge of the Valuation Motion.[3]  Second, even receipt of actual notice of an action does not necessarily remedy a technically defective service.  See In re Van Meter, 175 B.R. 64, 68-69 (B.A.P. 9th Cir. 1994) (receipt of only unfiled copy of complaint insufficient to create personal jurisdiction over recipient, voiding default judgment).

Because service of the Valuation Motion was defective as to U.S. Bank, the term of the Confirmation Order that purported to value U.S. Bank's collateral (through a ruling on Motion Control No. MWB-1), did not bind U.S. Bank.  The Confirmation Order to that extent also does not bind SMS, as the assignee of U.S. Bank.

In the Complaint, the Debtors ask the court to determine the validity of the lien claimed by SMS, as U.S. Bank's assignee, and also ask the court to grant injunctive relief against SMS.  Because the Confirmation Order, at least to the extent it valued the collateral of U.S. Bank, did not bind U.S. Bank due to the defective service of the Valuation Motion, and based on the uncontested record that SMS has made in the matter of the Motion, the court determines that uncontested material facts in this case support a finding that the lien represented by the Deed of Trust was not voided or otherwise impaired by the Confirmation Order.  Because of this, there are no grounds upon which the court might presently grant the relief requested in the Complaint by the Debtors, making summary judgment in favor of SMS appropriate.

/ / /

---

3.  It is common for creditors to learn of bankruptcy cases through periodic credit inquiries and similar activities, and to respond with the filing of a proof of claim, rather than to learn of the case through service of plan confirmation motions.

## III. CONCLUSION

For the reasons set forth above, the court will issue findings of fact and conclusions of law, an order granting the motion, and summary judgment in favor of SMS in this adversary proceeding.

Dated:  June 9, 2006

/s/ Robert S. Bardwil
ROBERT S. BARDWIL
United States Bankruptcy Judge

## CERTIFICATE OF MAILING

I, Andrea Lovgren, in the performance of my duties as Deputy Clerk to the Honorable Robert S. Bardwil, mailed by ordinary mail a true copy of the attached document to each of the parties listed below:

Office of the United States Trustee
501 "I" Street, Suite 7-500
Sacramento, CA 95814

Mark Briden
691 Maraglia, Dr., #D
P.O. Box 493085
Redding, CA 96049

Jennifer Crastz
]15910 Ventura Blvd., 12th Floor
Encino, CA 91436

DATE: 6-9-06

_____
Deputy Clerk